# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**MARIANO A. JIMENEZ** :

**v.** : **C.A. No. 05-046S**

**ASHBEL T. WALL, in his official capacity as DIRECTOR of DEPARTMENT OF CORRECTIONS and in his individual capacity, JANE and JOHN DOE** :

## ANSWER OF DEFENDANT, ASHBEL T. WALL, IN HIS OFFICIAL CAPACITY AS DIRECTOR of DEPARTMENT OF CORRECTIONS AND IN HIS INDIVIDUAL CAPACITY

Defendant, Ashbel T. Wall, In His Official Capacity As Director Of Department Of Corrections ("Defendant" Or "Wall") and In His Individual Capacity, Hereby Answers Plaintiff's Complaint In This Civil Action As Follows:

## INTRODUCTION

The Paragraphs, entitled Introduction and Jurisdiction, on page one (1) and two (2) of Plaintiff's Complaint, are introductory in nature and, therefore, no responsive pleading is required thereto; if deemed required, Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, the allegations are denied and Plaintiff is left to his proof thereof.

## PARTIES

1. Admitted.
2. Admitted.

3. This Paragraph does not pertain to the answering Defendant and, therefore, no responsive pleading is required thereto; if deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, the allegations are denied and Plaintiff is left to his proof thereof.

## FACTS

1. Denied.
2. Denied.
3. Denied.
4. Admitted.
5. Admitted.
6. Admitted.
7. Plaintiff states a legal conclusion to which no response is required; if deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, the allegations are denied and Plaintiff is left to his proof thereof.
8. Denied.
9. Denied.
10. Denied.
11. Admitted only as to Plaintiff being transferred down to B status. Denied to all remaining allegations, because although B status is a form of segregation, it is not the equivalent of administrative segregation, which Plaintiff alleges.
12. Denied.

13. Denied.

14. Admitted.

15. Plaintiff states a legal conclusion to which no response is required; if deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, the allegations are denied and Plaintiff is left to his proof thereof.

16. Denied.

17. Denied.

## DEFINITION OF A DISABILITY

Plaintiff states a legal conclusion as to the definition of a disability to which no response is required; if deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, the allegations are denied and Plaintiff is left to his proof thereof.

## COUNT 1

18. Defendant incorporates by reference all above Paragraphs as if fully set forth herein.

19. Denied.

20. Denied.

COUNT 2

21. Defendant incorporates by reference all above Paragraphs as if fully set forth herein.

22. Denied.

23. Denied.

COUNT 3

24. Defendant incorporates by reference all above Paragraphs as if fully set forth herein.

25. Denied.

26. Denied.

COUNT 4

27. Defendant incorporates by reference all above Paragraphs as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

**WHEREFORE,** Defendant respectfully requests that this Court deny and dismiss Plaintiff's Complaint, with prejudice, deny and dismiss Plaintiff's request for declaratory judgement, injunctive relief, and monetary costs and damages, enter judgment against

Plaintiff and in favor of Defendant, award Defendant his fees, costs and expenses incurred in the defense hereof, and grant such other and further relief as justice may require.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint fails to allege facts sufficient to show that Plaintiff is entitled to recover any damages as against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Defendant has the benefit of the State's status as sovereign, together with all privileges and immunities, which inure to said sovereign status.

**THIRD AFFIRMATIVE DEFENSE**

At all times material to the matters alleged in the Complaint, the State, its officers, agents and employees, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant acted reasonably and in good faith and did not violate any clearly established law and, therefore, pleads qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiff caused and/or contributed to the alleged injuries or damages complained of, and therefore, Defendant pleads the doctrine of comparative and/or contributory negligence.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant asserts any and all applicable defenses relating to the doctrine of discretionary immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts any and all applicable defenses relating to the doctrine of assumption of the risk.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant provided reasonable accommodations, if they were necessary.

**NINTH AFFIRMATIVE DEFENSE**

Defendant is immune based on the public duty doctrine.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff caused or contributed to the alleged damages, if there are any, and any recovery herein should be reduced because of said contributing conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant's conduct was not the legal cause of damages to plaintiff, if there are any.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent the Defendant is not otherwise immune from liability, which is expressly denied, the monetary limitation on damages set forth in Rhode Island General laws 1956 (1985 Reenactment) §9-31-1 et seq., applies to this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Pursuant to §9-31-1, et seq., Plaintiff's claims for pre-judgment interest, post-judgment interest and costs are barred with respect to Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant in his individual capacity is not a proper party to this action

Respectfully submitted,

DEFENDANT
By Its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Sean M. Fontes, Esq.
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Tel: (401) 274-4400 ext. 2245
Fax: (401) 222-2995

CERTIFICATION

I, the undersigned, hereby certify that a copy of the foregoing Answer was mailed, postage prepaid, on this 6th day of June, 2005, to Mariano Jimenez, P.O. Box 8273, Cranston, R.I. 02920.