# EXHIBIT A

JS 44
Rev. 07/89)

APR 06 2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS [illegible]

| (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MR. MARIANO A. JIMENEZ | ASHABEL T. WALL (R.I.D.O.C. DIRECTOR)<br>JANE AND JOHN DOE'S UNDER I-99 |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF PROV<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT PROV<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>MARIANO JIMENEZ<br>P.O. BOX 8273<br>CRANSTON, R.I.<br>02920 | ATTORNEYS (IF KNOWN)<br>R.I.D.O.C. LEGAL DEPT<br>40 HOWARD AVENUE<br>CRANSTON, R.I.<br>02920 |

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C.A. 1331 AND 1343 (3)
CH. 504 OF THE REHABILITATION ACT IN 1973, AND THE AMERICAN WITH DISABILITIES ACT (A.D.A.) IN 1990. 8TH AND 14TH AMENDMENT VIOLATION

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med Malpractice
- ☐ 365 Personal Injury—Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☒ 444 Welfare
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Other

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW(405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE ____________ DOCKET NUMBER ____________

DATE 4/5/05

SIGNATURE OF ATTORNEY OF RECORD Mariano Jimenez

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MR. MARIANO JIMENEZ (PETITIONER) *

*

VS. * CASE # CA-05-046-S

ASHABEL T. WALL,(R.I.D.O.C. DIRECTOR), *
JANE AND JOHN DOES UNDER T-99

## CIVIL RIGHTS COMPLAINT

THIS IS A CIVIL ACTION FILED PURSUANT TO ENACTMENT OF CH. 504 OF THE REHABILITATION ACT IN 1973 (1) , AND THE AMERICAN WITH DISABILITIES ACT (ADA) IN 1990. (2) THE REHABILITATION ACT APPLIES TO FEDERAL EXECUTIVE AGENCIES , INCLUDING THE BUREAU OF PRISONS, AND TO ANY PROGRAM THAT RECIEVES FEDERAL FUNDING. (3) IN MOST JURISDICTIONS, THE A.D.A GOES BEYOND THE REHABILITATION ACT TO AFFECT ALL STATES AND LOCAL GOVERNMENT PROGRAMS, EVEN THOSE THAT DO NOT RECIEVE FEDERAL FUNDING .(4) ( SEE STATE AND FEDERAL PRISONERS, BELOW FOR EXCEPTIONS TO THIS GUIDELINE).

COURTS ANALYZE THE A.D.A. AND REHABILITATION ACT IN BASICALLY THE SAME WAY AND MUST INTERPERATE THE A.D.A. TO GIVE DISABLED PEOPLE ATLEAST AS MANY RIGHTS AS THE EARLIER REHABILITATION ACT.(5)THUS DISABLED PRISONERS MAY USE CASES ABOUT THE REHABILITATION ACT TO BRING LAWSUITS AGAINST OFFICIALS UNDER THE A.D.A. .

---

(1) 29 U.S.C. 794 (A).

(2) 42 U.S.C. 12101 ET. SEQ .

(3) SUPRA, NOTE #1 .

(4) 42 U.S.C. 12131 .

(5) BRAGDON VS. ABBOT , 524 U.S. 624, 632, 118 S.CT. 2196, 2202 (1998)

## JURISDICTION

THIS IS A CIVIL RIGHTS ACTION PURSUANT TO CH. 504 OF THE REHABILITATION ACT IN 1973, AND THE AMERICANS WITH DISABILITIES ACT (A.D.A.) IN 1990. THIS COURT HAS JURISDICTION UNDER 28 U.S.C.A. 1331 AND 1343 (3). THE PETITIONER ALSO INVOKES THE PENDENT JURISDICTION OF THIS COURT TO DECIDE AND HEAR MATTERS RELATING TO STATE LAW, (A) AS WELL AS CLAIMS RELATING TO POLICIES AND PRACTICES OF THE R.I.D.O.C. .

## PARTIES

(1) PETITIONER IS AN INCARCERATED INMATE AT THE ADULT CORRECTIONAL INSTITUTION, MAXIMUM SECURITY FACILITY, P.O. BOX 8273 , CRANSTON RHODE ISLAND 02920.

(2) DEFENDANT ASHABEL T. WALL, IS THE DIRECTOR OF THE R.I. DEPT. OF CORRECTIONS, AND PETITIONER IS PLACED WITHIN HIS CUSTODY AND CONTROL, AND HE IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

(3) DEFENDANTS JANE AND JOHN DOE, UNDER I-99 , ARE ANY AND ALL DEFENDANTS WHO AT THIS TIME ARE UNNAMED, PETITIONER RESERVES THE RIGHT TO NAME THESE DEFENDANTS AT A LATTER TIME AND DATE, THESE DEFENDANTS WILL ALSO BE SUED IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES.

---

(A) RHODE ISLAND CIVIL RIGTS ACT (R.I.C.R.A.) R.I.G.L. 1956, TITLE , AND CHAPTER 42-112-1 ET. SEQ. ( FALIURE TO ACCOMINDATE )

## FACTS

1) PETITIONER DID LET DEFENDANT KNOW THAT HE SUFFERS FROM AN ANXIETY DISORDER CALLED " PARURESIS " , WHICH IS A BONAFIED SOCIAL ANXIETY DISORDER LISTED IN THE DIAGNOSTIC STATISTICAL MANUAL OF MENTAL DISORDERS (D.S.M.) IV , CODE 300.23, AND THAT UNDER (A.D.A.) REASONABLE ACCOMMODATIONS IN TERMS OF DRUG TESTING SHOULD BE MADE.

2) PETITIONER DID LET DEFENDANT KNOW THAT HE SUFFERS FROM A DOCUMENTED MEDICAL CONDITION CALLED " BENIGH PROSTATIC HYPERPLASIA " (B.P.N.) WHICH IS ENLARGEMENT OF THE PROSTATE.

3) PETITIONER DID LET DEFENDANT KNOW THAT BOTH CONDITIONS CAUSE URINE RETENTION.

4) PETITIONER HAS BEEN AN INMATE AT THE ADULT CORRECTIONAL INSTITUTION, MAXIMUM SECURITY FROM MARCH 2001 UNTIL THE PRESENT.

5) AS AN INMATE, PETITIONER IS SUBJECTED TO PRISON REGULATIONS, INCLUDING R.I.D.O.C. POLICY 9.36-2 THAT REQUIRES RANDOM DRUG TESTING.

6) THE DRUG TESTS REFERRED TO IN PARAGRAPH #5, ARE ADMINISTERED BY OBTAINING URINE SAMPLES FROM INMATES.

7) PETITIONER HAS A PHYSICAL IMPAIRMENT WHICH SUBSTANTIALLY LIMITS ATLEAST ONE MAJOR LIFE ACTIVITY, THAT BEING A PHYSICAL IMPAIRMENT OF AN ENLARGED PROSTATE, AND A MENTAL IMPAIRMENT THAT LIMITS ATLEAST ONE MAJOR LIFE ACTIVITY, THAT BEING PARURESIS.

8) ON A CONTINUING BASIS FROM MARCH 1ST, 2001, TO THE PRESENT, PETITIONER HAS BEEN UNABLE TO PRODUCE A URINE SAMPLE BECAUSE OF HIS DISABILITIES.

9) TO NO AVAIL, PETITIONER HAS MADE CONTINOUS, MULTIPLE AND REPEATED REQUESTS FOR REASONABLE ACCOMINDATIONS.

10) BECAUSE HE IS UNABLE TO PRODUCE A URINE SAMPLE, PETITIONER HAS BEEN DISCIPLINED, INCLUDING BUT NOT LIMITED TO BEING PLACED IN ADMINISTRATIVE SEGREGATION, LOSS GOOD TIME, AND LOSS VISITING PRIVLIGES.

11) THE DURATION OF THE LOSS OF VISITS IS ATLEAST 3 YEARS IN THE AGGREGATE, AND THE DURATION OF THE ADMINISTRATIVE SEGRAGATION IS ATLEAST 180 DAYS IN THE AGGREGATE.

12) DURING THE TESTING PROCESS, PETITIONER HAS BEEN HARRASSED BASED UPON HIS DISABILITIES.

13) UPON INFORMATION AND BELIEF, OTHER SIMILARLY SITUATED NON-DISABLED INMATES HAVE BEEN AFFORDED EXCEPTIONS TO THE DRUG TESTING POLICY.

14) THE DRUG TESTING POLICY DOES NOT PERMIT HARRASSMENT AND DISCRIMINATION BASED UPON DISABILITY.

15) PETITIONER HAS AN ACTUAL DISABILITY WHICH SUBSTANTIALLY LIMITS ONE OR MORE LIFE ACTIVITIES.

16) PETITIONER HAS A RECORD OF AN IMPAIRMENT WHICH SUBSTANTIALLY LIMITS ONE OR MORE MAJOR LIFE ACTIVITIES.

17) DEFENDANT PERCEIVED PETITIONER AS HAVING AN IMPAIRMENT WHICH SUBSTANTIALLY LIMITS ONE OR MORE MAJOR LIFE ACTIVITIES.

## DEFINITION OF A DISABILITY

* THE A.D.A. DEFINES A DISABILITY AS:

(A) A PHYSICAL OR MENTAL IMPAIRMENT THAT SUBSTANTIALLY LIMITS ONE OR MORE OF THE MAJOR LIFE ACTIVITIES OF SUCH INDIVIDUAL.

(B) A RECORD OF SUCH IMPAIRMENT; OR

(C) BEING REGARDED AS HAVING SUCH AN IMPAIRMENT. (6)

A " PHYSICAL OR MENTAL IMPAIRMENT ", " MAJOR LIFE ACTIVITIES " MAY INCLUDE MANY PRIVATE OR PUBLIC ACTIVITIES. (7)

" SUSTANTIALLY LIMITED " MEANS THAT THE PERSON'S PARTISIPATION IN THE ACTIVITY IS SIGNIFICANTLY RESTRICTED. (8)

---

(6) 42 U.S.C. CH. 12102 (2)
(7) SEE, E.G. , BRAGDON , SUPRA NOTE 5, AT 639, 2005 (FINDING NO BASIS FOR
(8) ALBERTSON'S, INC. V. KIRKINBURG, 527 U.S. 471,482, 119S.CT. 2139, 2146 (1999). SEE ALSO: MURPHY V. U.P.S., 527 U.S. 516, 119S.CT. 2133 (1999).

COUNT 1

ENACTMENT OF CH. 504 , OF THE REHABILITATION ACT 1973, 29 U.S.C. CH. 794 (a) , THE AMERICAN DISABILITIES ACT (A.D.A.) 1990, 42 U.S.C. CH. 12101 , AND THE RHODE ISLAND CIVIL RIGHTS ACT (R.I.C.R.A) , R.I.G.L. 1956, CH. 42-112-1 ET. SEQ.

( FAILURE TO ACCOMMINDATE )

18) PETITIONER INCORPERATES BY REFRENCE PARAGRAPHS 1-17 AS IF FULLY SET FORTH HEREIN.

19) BY THE AFORESAID ACTIONS , DEFENDANT INTENTIONALLY VIOLATED CH. 504 OF THE REHABILITATION ACT 1973, A.D.A 1990, AND R.I.C.R.A. BY FAILING TO ACCOMINDATE PETITIONER.

20) PETITIONER IS DAMAGED AS A PROXIMATE RESULT OF THIS INTENTIONAL CONDUCT.

COUNT 2

ENACTMENT OF CH. 504 OF THE REHABILITATION ACT 1973, 29 U.S.C. CH. 794 (a) , THE AMERICANS WITH DISABILITIES ACT (A.D.A.) 1990, 42 U.S.C. 12101 , RHODE ISLAND CIVIL RIGHTS ACT (R.I.C.R.A.) , R.I.G.L. 1956, CH. 42-112-1 ET. SEQ.

( DISPARATE TREATMENT )

21) PETITIONER INCORPERATES BY REFRENCE PARAGRAPHS 1-17 AS IF FULLY SET FORTH WITHIN.

22) BY THE AFORESAID ACTIONS DEFENDANT INTENTIONALLY VIOLATED THE ENACTMENT OF CH. 504 OF THE REHABILITATION ACT 1973, 29 U.S.C. CH. 749 (a) , THE AMERICANS WITH DISABILITIES ACT (A.D.A.) 1990, 42 U.S.C. CH. 12101 , THE RHODE ISLAND CIVIL RIGHTS ACT (R.I.C.R.A.) R.I.G.L. , 1956 CH. 42-112-1 ET. SEQ.

23) PETITIONER IS DAMAGED AS A PROXIMATE RESULT OF THIS INTENTIONAL CONDUCT.

COUNT 3

ENACTMENT OF CH. 504 OF THE REHABILITATION ACT 1973, 29 U.S.C. CH. 794(a), THE AMERICANS WITH DISABILITIES ACT (A.D.A.) 1990, 42 U.S.C. CH. 12101 , AND RHODE ISLAND CIVIL RIGHTS OF PEOPLE WITH DISABILITIES ACT (R.I.C.R.D.A.) R.I.G.L. 1956, CH. 42-87-1 ET SEQ.

( DISPARATE TREATMENT )

24) PETITIONER INCORPERATES BY REFRENCE PARAGRAPHS 1-17 AS IF FULLY SET FORTH HEREIN.

25) BY THE AFORESAID ACTIONS, DEFENDANT INTENTIONALLY VIOLATED ENACTMENT OF CH. 504 OF THE REHABILITATION ACT 1973, 29 U.S.C. CH. 794(a), THE AMERICANS WITH DISABILITIES ACT (A.D.A. 1990, 42 U.S.C. CH. 12101, BY DISCRIMINATING AGAINST PETITIONER BASED UPON HIS DISABILITY. THE DRUG TESTING POLICY OF THE R.I. DEPT. OF CORRECTIONS POLICY # 9.36-2 FOR URINALYSIS IS ALSO A VIOLATION OF THE RHODE ISLAND CIVIL RIGHTS OF PEOPLE WITH DISABILITIES ACT (R.I.C.R.D.A.) ON IT'S FACE.

26) PETITONER IS DAMAGED AS A PROXIMATE RESULT OF THIS INTENTIONAL CONDUCT.

COUNT 4

( INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS )

27) PETITIONER INCORPERATES BY REFRENCE PARAGRAPHS 1-17 AS IF FULLY SET FORTH HEREIN.

28) BY THE AFORESAID ACTIONS, DEFENDANT ENGAGED IN THIS EXTREAM AND OUTRAGEOUS CONDUCT.

29) THE DEFENDANT ENGAGED IN THIS CONDUCT WITH THE INTENT TO CAUSE PETITIONER TO SUFFER EMOTIONAL DISTRESS.

30) THE DEFENDANT'S CONDUCT CAUSED PETITONER SEVERE EMOTIONAL DISTRESS.

31) AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANT'S ACTIONS, PETITIONER HAS SUFFERED PHYSICAL AND EMOTIONAL DAMAGES.

RELIEF SOUGHT

1) DECLARE THAT THE DISCRIMINATION COMPLAINED OF IN THIS COMPLAINT IS UNLAWFUL;

2) RETAIN JURISDICTION OF THIS ACTION TO ENSURE FULL COMPLIANCE;

3) ORDER THE DEFENDANT TO PAY PETITONER'S COSTS AND EXPENSES;

4) ORDER THE DEFENDANT TO AFFORD PETITIONER A REASONABLE ACCOMINDATION, BY PROVIDING PETITIONER WITH A DRY CELL. * NOTE: ( PLEASE SEE WHEELOCK V. R.I. , 2002 WL 982381 ( D. R.I. 2002) WHERE AN INMATE WITHIN MAXIMUM SECURITY, A.C.I. WITH A SIMILAR DISABILITY WAS DEFINATELY PROVIDED WITH A DRY CELL. A COPY OF WHICH IS ATTACHED HERETO AS EXHIBIT "A".

5) ORDER THE DEFENDANT TO AMEND DEPARTMENT OF CORRECTION POLICY 9.36-2 FOR URINALYSIS TO INCLUDE: ACCOMINDATIONS THAT WILL NOT IMPOSE " UNDUE FINANCIAL AND ADMINISTRATIVE BURDENS " BUT WILL PROVIDE " A FUDAMENTAL ALTERATION IN THE NATURE OF THE POLICY , THAT WILL COMPLY WITH ENACTMENT CH. 504 OF THE REHABILITATION ACT IN 1973 (1) , AND THE AMERICANS WITH DISABILITIES ACT (A.D.A.)IN 1990 (2), AND THE RHODE ISLAND CIVIL RIGHTS ACT (4) , THAT WILL RECONIZE " PARURESIS " AS AN ANXIETY DISORDER AND BE GIVEN REAOSNABLE ACCOMMINDATIONS IN TERMS OF DRUG TESTING UNDER (A.D.A.):

6) ENJOIN THE DEFENDANT FROM FURTHER DISIPLINING THE PETITIONER BECAUSE OF HIS DISABILITY;

7) GRANT INJUNTIVE RELIEF;

8) GRANT PETITIONER RESTORATION OF HIS VISITING PRIVLEGES;

9) GRANT PETITIONER SUCH OTHER RELIEF AS THIS HONORABLE COURT DEEMS JUST AND PROPER.

PETITIONER'S DAMAGES ARE IN AN AMOUNT SUFFICIENT TO INVOKE THE JURISDICTION OF THIS COURT. PETITIONER DEMAND A TRIAL BY JURY.

" STATE AND FEDERAL PRISONERS "

IN 1998, THE SUPREME COURT RULED IN PENNSYLVANIA DEPARTMENT OF CORRECTIONS VS. YESKEY THAT CONGRESS INTENDED FOR TITLE II OF THE (A.D.A.) TO PROTECT STATE PRISONERS. (9).

(9) PENNSYLVANIA DEPARTMENT OF CORRECTIONS VS. YESKEY, 524 U.S. 206 , 118 S.CT. 1952 (1998)

RESPECTFULLY SUBMITTED,

Mariano Jimenez

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) Mr. Ashabel T. Wall

as (B) Director of (C) R.I. Dept Of Corrections

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) ______ District of Rhode Island and has been assigned docket number (E) CA 05-046-S

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 5th day of April, 2005.

Mariano Jimenez

Signature of Plaintiff's Attorney or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver